[873 NYS2d 217]

In the Matter of JOEL D. TENENBAUM (Admitted as JOEL DAVID TENENBAUM), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 17, 2009

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was disbarred by order of the Supreme Court of the State of Delaware, dated February 6, 2007 (918 A2d 1109 [2007]). At the time of that order, the respondent was already under a three-year suspension following an order of that same court, dated August 5, 2005 (880 A2d 1025 [2005]).

The petition for discipline filed by the Office of Disciplinary Counsel of the Delaware Supreme Court (hereinafter the ODC) alleges three counts of illegal conduct involving moral turpitude on the part of the respondent: (1) indecent exposure, (2) sexual assault and (3) unlawful imprisonment. In a report dated May 8, 2006, the Board on Professional Responsibility of the Delaware Supreme Court (hereinafter the Board) found that the allegations had been established by clear and convincing evidence. The Delaware Supreme Court affirmed the findings of fact and conclusions of law submitted by the Board and accepted its recommendation of disbarment.

All of the allegations of the petition are based entirely upon the complaints of a former client of the respondent. She alleges that the respondent sexually assaulted her during an after-hours meeting at his law office in the Independence Mall. The respondent admits that he represented his former client in or about 1983 in connection with a charge of driving while under the influence. He otherwise has no specific recollection of her and denies all of the alleged acts of illegal conduct. The respondent raised the affirmative defense of laches and violation of due process in that the delay in prosecuting the disciplinary charges against him for more than 22 years constitutes actual prejudice. The Board found that the former client's reporting of the assault nearly 22 years after the fact was not unreasonable under the circumstances and there was no unreasonable delay in the ODC's initiation of disciplinary proceedings thereafter.

A hearing was held in the Delaware proceeding on July 11, 2006. The Board considered the respondent's disciplinary history, which consisted of private admonitions in 1984 and 1995 for falsely testifying in support of a claim for fees and failing to disclose a material fact to the Family Court regarding his client when such disclosure was necessary to avoid assisting a criminal or fraudulent act by a client. He was suspended for three years in 2005 for sexually harassing female clients and employees, both verbally and physically, during the past 5 to 10 years, thereby establishing a pattern of illegal activities. The Board

also considered, in mitigation, the respondent's substantial record of public and community service and his participation in the Delaware State Bar Association, chairing the Delaware State Bar Family Law Section and the Adoption Committee of the American Bar Association Family Law Section. On balance, however, the Board concluded that the mitigating factors should not operate to reduce the sanction of disbarment.

Although served by the Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts with a notice pursuant to 22 NYCRR 691.3 on September 5, 2008, by certified and regular mail, the respondent has neither submitted a verified statement of defenses to the imposition of reciprocal discipline nor requested a hearing. Accordingly, the respondent is in default and there is no impediment to the imposition of reciprocal discipline at this juncture.

Under the circumstances, we find that the respondent's misconduct warrants his disbarment in New York.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Joel D. Tenenbaum, admitted as Joel David Tenenbaum, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Joel D. Tenenbaum, admitted as Joel David Tenenbaum, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joel D. Tenenbaum, admitted as Joel David Tenenbaum, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Joel D. Tenenbaum, admitted as Joel David Tenenbaum, has been issued a secure pass by the

Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).